932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frances K. BOND, Defendant-Appellant.
 No. 90-2146.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1991.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ROBERT M. MCRAE, Senior District Judge.*
 
 
 2
 RYAN, Circuit Judge. Defendant, Frances K. Bond, appeals her conviction for reentering a military installation after having been ordered not to reenter, in violation of 18 U.S.C. Sec. 1382. For the reasons noted below, we find that Bond's First Amendment rights were not violated, and we shall, therefore, affirm the conviction.
 
 I.
 
 3
 Bond was convicted for violating 18 U.S.C. Sec. 1382 for reentering Wurtsmith Air Force Base in Iosco County, Michigan, after having been issued "banned and barred letters" in August 1986 and September 1989 which provided her with formal notice that she was forbidden to reenter the confines of the base. Bond opposes nuclear weapons and during a protest in September 1989, she crossed the white line painted on the base side of a highway which marks the entrance to the base. Temporary barriers, with signs warning that permission is required to enter the base, are placed along this line to help delineate the base boundary. When Bond walked across this white line, a security commander at the base approached her and warned her that she was on base property without permission and ordered her to leave. After Bond refused to leave, she was arrested for violating 18 U.S.C. Sec. 1382.
 
 
 4
 A magistrate conducted a bench trial in December 1989 and found Bond guilty. She appealed to the United States District Court for the Eastern District of Michigan, claiming that she was improperly convicted in violation of her First Amendment right to participate in a peaceful demonstration. The district court affirmed.
 
 II.
 
 5
 As an initial matter, we find that the district court did not abuse its discretion in not hearing oral argument on the appeal from the magistrate's decision.
 
 
 6
 We also find that Bond's claims are meritless in light of United States v. Albertini, 472 U.S. 675, 687-88 (1985), wherein the Supreme Court upheld the validity of 18 U.S.C. Sec. 1382 under a similar claim; and, United States v. McCoy, 866 F.2d 826 (6th Cir.1989), wherein we found that the military authorities at Wurtsmith Air Force Base are entitled to prevent peaceful demonstrations upon the bases by a person who has received a "banned and barred letter."
 
 
 7
 Bond was arrested in exactly the same area of the base in which this court determined in McCoy to be property of the base. Although Bond argues that the proper boundary line of the base is the fence surrounding the base, this court specifically held in McCoy that the painted white line marked the boundary of the base, stating: "it seems obvious to us from a legal standpoint, ... that when [defendant] chose to cross the line separating the through traffic lane from the entrance to the military installation, she chose to break the law." 866 F.2d at 831. Similarly, Bond chose to break the law in this case when she chose to cross the same white line.
 
 
 8
 Because the Air Force, under Albertini, could lawfully prevent Bond from protesting within the confines of Wurtsmith Air Force Base, the government did not violate her First Amendment rights by prosecuting her under section 1382 when she reentered the military base after having been ordered by the commanding officer not to reenter.
 
 
 9
 The judgment of conviction is AFFIRMED.
 
 
 
 *
 The Honorable Robert M. McRae, Senior District Judge of the United States District Court for the Western District of Tennessee, sitting by designation